ace

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Respondent**, | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-40050-JAR** |
| | ) | **06-3054-JAR** |
| **JEROME C. VETAW,** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Jerome C. Vetaw filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 28.)  In his motion, petitioner asserts four grounds for relief arguing that: (1) he was "unlawfully induced" into pleading to a defective indictment; (2) the government failed to disclose evidence favorable to the defendant; (3) his counsel provided ineffective assistance; (4) and his sentence was unconstitutionally enhanced.  Because the Court finds that petitioner is not entitled to relief on any of these grounds, his habeas petition is denied.

## I.  Procedural Background

On September 12, 2005, petitioner pleaded guilty to a one count Indictment charging him with distribution of approximately 6.72 grams of cocaine base.  (Doc. 19.)  Petitioner signed a plea agreement that states that he understood he faced a mandatory minimum sentence of five years for the offense of conviction.  The plea agreement also includes a waiver of appeal and collateral attack.  It states that petitioner "waives any right to any challenge to his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a

motion brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed unwaivable under the holding of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)." Attached to the plea agreement is a Petition to Enter Plea, signed by the petitioner, which attests that the plea was made freely and voluntarily and that petitioner understood the mandatory minimum sentence that may be imposed based on his plea.

At the plea hearing, petitioner stated on the record that it was his decision to enter a plea.[1] After the government read the factual basis for the plea, the Court asked petitioner if he agreed that the summation provided by the government was the evidence that the government would be presenting against petitioner if his case were to go to trial.[2] He stated on the record that it was. Further, the Court asked petitioner if he agreed that he sold 6.72 grams of cocaine as charged in the Indictment, and he agreed.[3] The Court also asked petitioner if he understood that his plea agreement included a provision stating that he waives his right to appeal or collaterally attack his sentence except under certain circumstances.[4] Petitioner stated on the record that he understood that the plea agreement included a waiver of appeal and collateral attack.[5] Additionally, the Court explained to petitioner that he was pleading to a crime with a mandatory minimum sentence of five years and that unless certain exceptions applied, he would certainly serve five years in prison and perhaps more.[6] Petitioner also stated on the record at this hearing that he had

---

[1](Doc. 36 at 8.)

[2](*Id.* at 22.)

[3](*Id.* at 23.)

[4](*Id.* at 10.)

[5](*Id.*)

[6](*Id.* at 12, 15.)

been satisfied with the advice, counsel, and representation provided by his attorney in the case.[7]

Petitioner's sentencing hearing was held on December 12, 2005.  The Court assigned petitioner an offense level of 23 with a criminal history category of III.  Under the United States Sentencing Guidelines, the applicable sentencing range was 60-71 months.  Defendant did not raise any written or oral objections at the sentencing hearing, but he did file a sentencing memorandum (Doc. 21), in which he asked the Court to sentence him to 60 months' imprisonment, the low end of the Guideline range.  At the conclusion of the sentencing hearing, the Court sentenced petitioner to 60 months' imprisonment.  Petitioner now asks the Court to vacate this sentence, asserting four separate grounds for relief.

## II.  Analysis

The Court will first address whether petitioner waived the right to collaterally attack his sentence under § 2255 by knowingly and voluntarily entering his plea of guilty.  The Court will then address petitioner's other grounds for relief.  Under 28 U.S.C. § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[8]  The Court determines that the motion and files of this case are conclusive in showing that this petitioner is not entitled to relief on the grounds asserted in his motion.

### A.      Waiver of the Right to Collaterally Attack Sentence

In this case, petitioner entered into a plea agreement with a provision waiving his right to collaterally attack his sentence.  The Court will hold a defendant and the government to the

---

[7](*Id.* at 5.)

[8]*United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001) (internal quotation and citation omitted).

terms of a lawful plea agreement.[9]  Therefore, a knowing and voluntary waiver in a plea

agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[10]

The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such

a waiver in which the court must determine: (1) whether the disputed issue falls within the scope

of the waiver; (2) whether the defendant knowingly and voluntarily waived his (or her) rights;

and (3) whether enforcing the waiver would result in a miscarriage of justice.[11]

### 1.  Scope of the Waiver

In determining whether the disputed issue falls within the scope of the waiver, the Court

begins with the plain language of the plea agreement.[12]  The plea agreement is construed

"according to contract principles and what the defendant reasonably understood when he entered

his plea."[13]  The Court strictly construes the waiver and resolves any ambiguities against the

government and in favor of the defendant.[14]  As described above, petitioner's plea agreement

contained a provision waiving his right to appeal and collaterally attack his sentence.  The scope

of this waiver unambiguously includes the right to collaterally attack, by way of a § 2255

motion, any matter in connection with his prosecution, conviction, and sentence.

The government concedes that petitioner has not waived the right to bring two claims in

---

[9]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[10]*United States v. Cockerham*, 237 F.3d 1179, 1181–83 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

[11]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

[12]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[13]*Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).

[14]*Hahn*, 359 F.3d at 1343.

his § 2255 motion because these claims relate to the validity of petitioner's plea.  Therefore, the Court will address below petitioner's claims that he was unlawfully induced into entering a plea of guilty because the Indictment was defective and that the government failed to turn over exculpatory evidence to defendant.  However, the remaining claims that petitioner raises in his motion fall within the scope of the waiver.  Petitioner's claim that he was entrapped by the confidential informant, who made false statements in exchange for immunity and proffered arrangements, is waived because petitioner entered into the plea rather than proceeding to trial where he could have raised the entrapment defense and cross-examined the confidential informant.  Petitioner's claim that he was denied effective assistance of counsel "through the poor investigative skills; conflict of interest; poor client-attorney communications; improper defense strategies to ensure and defend the defendant's constitutional rights" is also waived, as described in more detail below, because petitioner does not explain how this affected the validity of his plea.  Finally, petitioner has also waived his claim that his sentence was unconstitutionally enhanced because this relates to his sentence, rather than to the validity of his plea.

### 2. Knowing and Voluntary Waiver

Petitioner's waiver is enforceable when it is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[15]  When determining whether a waiver of appellate rights was knowing and voluntary, the Court must examine the specific language of the plea agreement and assess the adequacy of the Federal Rule of Criminal Procedure 11 colloquy.[16]  Here, the waiver is explicitly stated in the written plea agreement, and

---

[15] *Cockerham*, 237 F.3d at 1183.

[16] *Hahn*, 359 F.3d at 1325.

petitioner's statements at the plea hearing show that the waiver was made both knowingly and voluntarily.  At the plea hearing, the Court explained to petitioner that his plea agreement contained the waiver, and petitioner stated on the record that he understood that the plea agreement included this waiver.  Petitioner also stated on the record that it was his decision to plead guilty.  Petitioner is "bound by his solemn declarations in open court," which contradict the statements in his motion that he was induced into accepting the plea agreement.[17]   Therefore, the language of the plea agreement and the statements made by petitioner during the plea colloquy establish that petitioner's waiver of his rights was given knowingly and voluntarily.

### 3. *Miscarriage of Justice*

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice."[18]  This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[19]  The defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice.[20]  In this case, petitioner's sentence was not unlawful, and the sentence fell at the low end of the Guildline range. Petitioner's only plausible argument is that he received ineffective assistance of counsel.

---

[17]*Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996), *cert. denied*, 519 U.S. 998 (1996).

[18]*Hahn*, 359 F.3d at 1327.

[19]*Id.*

[20]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

A plea agreement waiver of post-conviction rights "does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver."[21]  In order to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[22]  "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside this category are waivable."[23]

In his motion, petitioner states that he was denied effective assistance "through the poor investigative skills; conflict of interest; poor client-attorney communications; improper defense strategies to ensure and defend the defendant's constitutional rights."  However, petitioner's claim is too vague to provide him with any relief.  He does not explain how his counsel's alleged ineffectiveness relates to the validity of the plea agreement and the waiver of his rights to appeal or collaterally attack his sentence.  Therefore, he has waived the right to assert such a claim in a collateral proceeding "so long as [s]he knowingly and voluntarily entered the plea and made the waiver."[24]  After reviewing the plea proceedings as described above, the Court finds that petitioner's plea and waiver were knowing and voluntary, and in this habeas action he has failed to point to any evidence in the record supporting the contrary conclusion.  Accordingly, the Court finds that petitioner's ineffective assistance of counsel claims fall within the scope of the waiver entered into by the petitioner, and habeas relief on this ground must be denied.

---

[21] *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[22] *Id.*

[23] *Id.*

[24] *Id.* at 1188.

Even if petitioner's claims do relate to the validity of the plea, his claims are insufficient to establish ineffective assistance.  In order to succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[25]  Under that test, petitioner must first show that counsel's performance was deficient because it "fell below an objective standard of reasonableness."[26]  Second, he must show that counsel's deficient performance actually prejudiced his defense.[27]  "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[28]  Petitioner has not provided any evidence to make a showing under either prong of the *Strickland* test, and therefore his ineffective assistance claims are denied.

### B.    Defective Indictment

The Court has liberally construed petitioner's claim that he was "unlawfully induced" into entering a guilty plea based on a defective Indictment as attacking the validity of the plea, and thus falling outside of the waiver under *Cockerham*.[29]  Therefore, the Court will address the merits of this claim.[30]  While petitioner does not explain how the Indictment in this case was

---

[25]466 U.S. 668 (1984).

[26]*Id.* at 688.

[27]*Id.* at 692.

[28]*United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[29]*But see United States v. Lopez-Guzman*, 189 Fed. App'x 732, 734 (10th Cir. 2006) (finding that petitioner's objection to the indictment's jurisdictional defect was waived when he voluntarily entered his guilty plea because it fell within the scope of the plea agreement waiver of his right to collaterally attack his conviction).

[30]In this ground for relief in his § 2255 motion, petitioner also states that he did not understand the nature of the charge and the consequences of his plea.  However, the record contradicts plaintiff's assertions.  At the plea hearing, petitioner stated that he had gone over the charges against him and the possible sentencing consequences

defective, the Court has nevertheless reviewed the Indictment and finds it to be sound.  Under 18 U.S.C. § 3231, the district courts of the United States "shall have original jurisdiction . . . of all offenses against the laws of the United States."  In this case, a grand jury returned the Indictment, in accordance with Federal Rule of Criminal Procedure 6, charging plaintiff with distribution of approximately 6.72 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and penalty section 21 U.S.C. § 841(b)(1)(B).[31]  The Court finds no legal basis for petitioner's claim that the Indictment in this case was defective, and therefore the Court denies habeas relief on this ground.

### C.      *Exculpatory Evidence*

Plaintiff's claim that the government failed to turn over exculpatory evidence, when liberally construed, also falls outside the waiver because the weight of the government's evidence against defendant would have affected petitioner's decision to enter the guilty plea. However, petitioner is not entitled to habeas relief under this claim either because he provides no

---

with his attorney.  (Doc. 36 at 5–6.)  The government summarized the key terms of the plea agreement, including the a waiver of appeal and collateral attack.  (*Id.* at 10.)  When the Court asked petitioner if he understood that his plea agreement included this waiver, petitioner stated that he did.  (*Id.*)  The government stated the factual basis for the plea, and the petitioner agreed that these facts were the evidence that the government would present if petitioner's case went to trial.  (*Id.* at 22.)  Also, when asked by the Court if petitioner agreed that he sold 6.72 grams of cocaine base, he agreed with those facts.  (*Id.* at 23.)  Finally, petitioner was told by the Court that he was pleading to a crime with a mandatory minimum sentence of five years' imprisonment, and he stated that he understood.  (*Id.* at 12.) Additionally, petitioner signed a petition to enter plea of guilty in which petitioner agreed that he had read a copy of the Indictment, that he fully understood every change made against him, and that he did sell approximately 6.72 grams of crack cocaine.  (Doc. 19 at 1.)  In that document, petitioner also attests that he understood that his plea of guilty could result in a mandatory minimum sentence of five years in prison.  (*Id.* at 2.)  Finally, the petition states that petitioner offered his guilty plea freely and voluntarily.  (*Id.* at 6.)

[31]The Indictment states:

> On or about the 7th day of February, 2005, in the District of Kansas, the defendant, Jerome C. Vetaw, did knowingly and intentionally distribute approximately 6.72 grams of a mixture or substance containing a detectable quantity of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and penalty section 841(b)(1)(B).

(Doc. 1.)

factual or legal basis in support of this claim.  Moreover, the government proffers that it turned

over all exculpatory evidence concerning the confidential informant.  Because the motion and

the records of the case conclusively show that petitioner is entitled to no relief,[32] the Court

therefore denies petitioner's habeas claim on this ground as well.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 28) is **DENIED.**

**IT IS SO ORDERED.**

Dated this   23rd  day of May 2007.


 S/ Julie A. Robinson

JULIE A. ROBINSON
United States District Judge

---

[32]28 U.S.C. § 2255.